UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| QURAN HAMM,<br>Petitioner,<br><br>vs.<br><br>WARDEN, SOUTHERN OHIO<br>CORRECTIONAL FACILITY,[1]<br>Respondent. | Case No. 1:18-cv-820<br><br>McFarland, J.<br>Litkovitz, M.J.<br><br>**REPORT AND**<br>**RECOMMENDATION** |

Petitioner, an inmate in state custody at the Southern Ohio Correctional Facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 5). This matter is before the Court on petitioner's motion to stay this action. (Doc. 10).

In the petition, petitioner raises the following seven grounds for relief:

**GROUND ONE**: "The trial court erred to the prejudice of Defendant by allowing the State to present inadmissible other acts evidence of prior administrative and jail disciplinary incidents and purported witness intimidation to the jury pursuant to Evid. R. 404(B)."

**GROUND TWO**: "The trial court abused its discretion by improperly joining the two indictments against Defendant into a single trial. Evidence from the B1405019 case was heard by the same jury hearing the B1503840 case and prejudice evidence."

**GROUND THREE**: "The trial court erred to the prejudice of Defendant by allowing the State to present the inadmissible hearsay testimony of Donnell Woods to the jury. Woods state certainly testimonial it was a solemn declaration that he made in order to establish that somebody fired a gunshot at officers Weigand and Bode."

**GROUND FOUR**: "The trial courts admission of Donnell Woods testimony statement violated Defendant's constitutional right to confront his accusers. It cannot be said that this testimony's introduction was harmless. Woods statement was perhaps the most compelling and damning piece of evidence pertaining to the critical issue of whether the officers were shot at to begin with."

---

[1] Petitioner was located at the Lebanon Correctional Institution when he filed his petition. Petitioner has since been moved to the Southern Ohio Correctional Facility. Accordingly, the Warden at the Southern Ohio Correctional Facility is the proper respondent in this action.

**GROUND FIVE**: "Defendant was deprived of his constitutional right to the effective assistance of counsel. It came to light right before trial Mr. Hamm's previous attorney Mary Jill Donovan assisted Christopher Hill with arranging a meeting with the Hamilton County Prosecutor's Office detective to exchange and offer his testimony against Mr. Hamm for case consideration."

**GROUND SIX**: "Defendant was deprived of his constitutional right to the effective assistance of trial counsel. Defendant's counsel Mary J. Donovan represented Mr. Hamm and Christopher Hill concurrently. She arranged a meeting between the Hamilton County Prosecutors Office detective Pitchford to offer his prejudice and false testimony against the Defendant in exchange for case consideration. Creating a conflict of interest. Denying the Defendant his right to effective assistance of counsel."

**GROUND SEVEN**: "Defendant claims actual innocence. Defendant is innocent of the crime regarding case #B1405019. The crime never happened for the defendant to be indicted and the trial court impose the judgment and sentence on the defendant he received. The victims in B1405019 case never confirmed that a crime took place during their testimonies and there was evidence of a crime. The defendant is innocent in the B1405019 case the State used false and prejuried [sic] testimony to convict defendant."

(Doc. 5).

On March 5, 2019, respondent filed a return of writ. (Doc. 9). According to respondent, petitioner's grounds for relief are not cognizable or procedurally defaulted. Specifically, respondent contends that Grounds One, Two, Three, and Seven are not cognizable on federal habeas corpus.[2] Respondent further contends that petitioner procedurally defaulted the remaining grounds for relief by failing to raise them in a timely appeal to the Ohio Supreme Court. Plaintiff raised the claims on direct appeal; however, the Ohio Supreme Court found his subsequent appeal untimely and denied his delayed appeal motion. (*See* Doc. 8, Ex. 23).

Petitioner has not replied to the return of writ. Instead, he has filed a motion requesting that the Court stay this action "in order to exhaust state remedies in the Hamilton County Court

---

[2] Respondent alternatively argues that petitioner has procedurally defaulted these claims. (*See* Doc. 9).

2

of Common Pleas; the Ohio First District Court of Appeals; and the Ohio Supreme Court in order to comply with exhaustion procedures found in 28 U.S.C. 2254." (Doc. 10). Petitioner does not specify which claims he seeks to exhaust, what avenue of relief remains in the Ohio courts, or explained his failure to exhaust prior to filing the instant habeas petition.

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99–100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the

petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

The 1996 Antiterrorism and Effective Death Penalty Act (AEDPA) "preserve[s] *Lundy*'s total exhaustion requirement" and "impose[s] a one-year statute of limitations on the filing of federal habeas petitions. *Rhines v. Weber,* 544 U.S. 269, 275 (2005). Some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure to ensure habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed on exhaustion grounds and the petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 778–81 (6th Cir. 2002).

In *Rhines,* 544 U.S. at 276, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." The Court pointed out that one of AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s

4

"simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276–77 (quoting *Lundy*, 455 U.S. at 520).

The Court went on to determine that:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .
>
> For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277–78. On the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In this case, petitioner has not specified the claims he considers unexhausted or the avenue of relief that he intends to pursue in the Ohio courts in his motion. Petitioner does indicate that his actual innocence claim in Ground Seven has never been raised in the Ohio

5

courts. (*See* Doc. 5 at PageID 38). However, a free-standing actual innocence claim is not cognizable in federal habeas corpus. *See Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007). *See also Herrera v. Collins*, 506 U.S. 390, 404 (1993) ("a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits").

As argued by respondent, it appears that petitioner's cognizable claims are exhausted but procedurally defaulted because of petitioner's failure to timely appeal to the Ohio Supreme Court. Petitioner raised his grounds for relief on direct appeal. (*See* Doc. 8, Ex. 20). However, petitioner failed to file a timely appeal to the Ohio Supreme Court. He committed a procedural default of these claims when his delayed appeal motion was denied by the Ohio Supreme Court. (*See* Doc. 8, Ex. 21, 22, 23). *See Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004) (per curiam); *see also Baker v. Bradshaw,* 495 F. App'x 560, 565 (6th Cir. 2012) (citing *Bonilla* in pointing out that "[t]his court has held that violation of . . . the timeliness requirements for an appeal to the Ohio Supreme Court . . . constitute[s] adequate and independent state grounds to preclude hearing an untimely claim on the merits"). It remains to be determined in the adjudication of the petition whether petitioner has established cause for the default of these claims.[3] However, at this juncture, petitioner has failed to identify any potentially meritorious unexhausted claim or provided cause for his failure to exhaust any such claim. *Rhines,* 544 U.S.

---

[3] As cause for his failure to file a timely appeal to the Ohio Supreme Court, petitioner argued that he provided his appeal to the Lebanon Correctional Institution mailroom on August 8, 2017, but that it was not received by the Ohio Supreme Court Clerk until August 15, 2017, one day after the deadline for submitting a timely appeal. (*See* Doc. 8, Ex. 22). *See Henderson v. Palmer*, 730 F.3d 554 (6th Cir. 2013) ("when a prisoner submits a petition to the prison mailroom five days prior to a filing deadline and it is not delivered there is cause to excuse the procedural default"). *See also Foster v. Warden*, 575 F. App'x 650, 654 (6th Cir. 2014) (holding that an Ohio prisoner, who had "delivered his filing to prison officials at least five days before it was due," established cause for his procedural default because "[e]ven allowing for a prison's mail procedures, five days certainly provided sufficient time for it to arrive timely in the normal course of events") (internal citation and quotation marks omitted).

at 278. Accordingly, petitioner has failed to demonstrate that a stay of this action is warranted and his motion should be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

Petitioner's motion to stay (Doc. 10) be **DENIED.**

Date: 2/10/20

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

QURAN HAMM,
Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
Respondent.

Case No. 1:18-cv-820

McFarland, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).