# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

QURAN HAMM,

        Petitioner, : Case No. 1:18-cv-820

  - vs -                     District Judge Matthew W. McFarland
                                  Magistrate Judge Michael R. Merz

Ron Erdos[1], Warden, Southern
Ohio Correctional Facility

                                      :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Quran Hamm under 28 U.S.C. § 2254, is before the Court for decision on the merits on the Petition (ECF No. 5), the State Court Record (ECF No. 8, 15), and the Return of Writ (ECF No. 9). In the Order for Answer, Magistrate Judge Litkovitz set a deadline of twenty-one days after the Return for Petitioner to file a reply (ECF No. 4, PageID 24). That time expired March 26, 2019, and no reply has been filed.

The Magistrate Judge reference in this case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District.

---

[1] As the Warden at SOCF, Erdos is the custodian of Petitioner and therefore the correct respondent in this case. The caption is ordered amended as set forth above.

1

**Litigation History**

On September 12, 2014, the Hamilton County Grand Jury indicted Hamm in Case No. B1405019 on two counts of Felonious Assault with three firearm specifications each, in violation of Ohio Revised Code § 2903.11(A)(2)) (Counts 1 and 2); one count of Trafficking in Marijuana in violation of Ohio Revised Code § 2925.03(A)(2)) (Count 3); two counts of Having Weapons While Under Disability in violation of Ohio Revised Code § 2923.13(A)(2)) (Counts 4 and 5); and one count of Having Weapons While Under Disability in violation of Ohio Revised Code § 2923.13(A)(3)) (Count 6). (Indictment, State Court Record, ECF No. 8, Exhibit 1).

On July 23, 2015, the Hamilton County Grand Jury indicted Hamm in Case No. B1503840 on one count of Felonious Assault in violation of Ohio Revised Code § 2903.11(A)(1)) (Count 1)(Indictment, State Court Record. ECF No. 8, Exhibit 4). Over Hamm's objection, the cases were consolidated for trial.

Hamm pleaded guilty to a reduced charge of marijuana trafficking, but elected a jury trial on the felonious assault counts and specifications and a bench trial on the weapons under disability charges. The jury convicted Hamm on one felonious assault charge from each case with the firearm specification. The court found him guilty of two counts of having weapons while under disability (Case No. B1405019, Counts 4 and 5). After merging some counts and specifications, the court imposed an aggregate sentence of twenty-nine years.

The cases were consolidated on appeal and the judgments were affirmed. *State v. Hamm*, 2017-Ohio-2663 (Ohio App. 1st Dist. June 30, 2017). Hamm filed an untimely notice of appeal to the Supreme Court of Ohio on September 20, 2017, which that court denied. *State v. Hamm*, 151 Ohio St. 3d 1451 (2017).

Hamm filed a motion to dismiss for lack of jurisdiction in the Common Pleas Court, but he did

2

not appeal from a denial of that motion. He then filed his Petition in this Court, pleading the following claims:

> **GROUND ONE:** "The trial court erred to the prejudice of Defendant by allowing the State to present inadmissible other acts evidence of prior administrative and jail disciplinary incidents and purported witness intimidation to the jury pursuant to Evid. R. 404(B)."
> *
> **GROUND TWO:** "The trial court abused its discretion by improperly joining the two indictments against Defendant into a single trial. Evidence from the B-1405019 case was heard by the same jury hearing the B1503840 case and prejudice evidence."
> *
> **GROUND THREE:** "The trial court erred to the prejudice of Defendant by allowing the State to present the inadmissible hearsay testimony of Donnell Woods to the jury. Woods state certainly testimonial it was a solemn declaration that he made in order to establish that somebody fired a gunshot at officers Weigand and Bode."
> *
> **GROUND FOUR:** "The trial courts admission of Donnell Woods testimony statement violated Defendant's constitutional right to confront his accusers. It cannot be said that this testimony's introduction was harmless. Woods statement was perhaps the most compelling and damning piece of evidence pertaining to the critical issue of whether the officers were shot at to begin with."
> *
> **GROUND FIVE:** "Defendant was deprived of his constitutional right to the effective assistance of counsel. It came to light right before trial Mr. Hamm's previous attorney Mary Jill Donovan assisted Christopher Hill with arranging a meeting with the Hamilton County Prosecutor's Office detective to exchange and offer his testimony against Mr. Hamm for case consideration."
> *
> **GROUND SIX:** "Defendant was deprived of his constitutional right to the effective assistance of trial counsel. Defendant's counsel Mary J. Donovan represented Mr. Hamm and Christopher Hill concurrently. She arranged a meeting between the Hamilton County Prosecutors Office detective Pitchford to offer his prejudice and false testimony against the Defendant in exchange for case consideration. Creating a conflict of interest. Denying the Defendant his right to effective assistance of counsel."
> *
> **GROUND SEVEN:** "Defendant claims actual innocence. Defendant is innocent of the crime regarding case #B1405019. The

3

> crime never happened for the defendant to be indicted and the trial court impose the judgment and sentence on the defendant he received. The victims in B1405019 case never confirmed that a crime took place during their testimonies and there was evidence of a crime. The defendant is innocent in the B1405019 case the State used false and prejuried [*sic*] testimony to convict defendant."

(Petition, ECF No. 5, PageID 29-38).

# Analysis

**Ground One: Trial Court Error in Admitting Evidence**

In his First Ground for Relief, Hamm claims the trial court erred by admitting evidence of other bad acts in violation of Ohio R. Evid. 404(B).

Respondent asserts this Ground for Relief, as well as Grounds Two, Three, Four, Five, and Six, is procedurally defaulted because, although it was raised on direct appeal, Hamm failed to timely file an appeal to the Ohio Supreme Court from the First District's decision.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S.

4

72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U.S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

5

> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Ohio has a relevant procedural rule: an appeal to the Supreme Court of Ohio from a decision of an intermediate court of appeals must be filed within forty-five days of the appellate judgment. S.Ct.Prac.R. 7.01(A)(1)(a)(i). That rule is an adequate and independent state ground of decision. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004). The rule was enforced against Hamm when the Ohio Supreme Court denied his motion for leave to file a delayed appeal and dismissed the appeal (Entry, State Court Record, ECF No. 8, Ex. 23, PageID 190). Where a state court is entirely silent as to its reasons for denying requested relief, as when the Ohio Supreme Court denies leave to file a delayed appeal by form entry, the federal courts assume that the state court would have enforced any applicable procedural bar. *Bonilla,* 370 F.3d at 497, citing *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996).

The question then is whether Hamm can show cause and prejudice excusing his default. In her Report recommending that a stay be denied, Magistrate Judge Litkovitz noted

> As cause for his failure to file a timely appeal to the Ohio Supreme Court, petitioner argued that he provided his appeal to the Lebanon Correctional Institution mailroom on August 8, 2017, but that it was not received by the Ohio Supreme Court Clerk until August 15,

6

> 2017, one day after the deadline for submitting a timely appeal. (See Doc. 8, Ex. 22). See *Henderson v. Palmer,* 730 F.3d 554 (6th Cir. 2013) ("when a prisoner submits a petition to the prison mailroom five days prior to a filing deadline and it is not delivered there is cause to excuse the procedural default"). *See also Foster v. Warden*, 575 F. App'x 650, 654 (6th Cir.20 14) (holding that an Ohio prisoner, who had "delivered his filing to prison officials at least five days before it was due," established cause for his procedural default because "[e]ven allowing for a prison 's mail procedures, five days certainly provided sufficient time for it to arrive timely in the normal course of events") (internal citation and quotation marks omitted).

(Report, ECF No. 13, PageID 1432, n.3).

Although Judge Litkovitz did not adjudicate the procedural default defense at that point, the authority she cited permits the Court to find Hamm has excused his default. His Affidavit attached to his Motion for Delayed Appeal avers that he delivered his Memorandum in Support of Jurisdiction to the institutional mailroom on August 8, 2017, six days before it was due to be filed (State Court Record, ECF No. 8, PageID 171). That claim is corroborated by the attached Cash Withdrawal slip showing a request for funds on August 7, 2017. *Id.* at PageID 173. While the Affidavit was not enough to satisfy the Supreme Court of Ohio, this Court has no competing evidence. Hamm's Affidavit brings him within the time frames accepted by the Sixth Circuit in *Henderson* and *Foster*, *supra*.

Accordingly, the Magistrate Judge recommends that Respondent's procedural default defense as to Grounds One, Two, Three, Four, Five, and Six based on Hamm's failure to timely appeal to the Supreme Court of Ohio be OVERRULED.

Respondent also defends Ground One on the merits, asserting that it is not cognizable in federal habeas corpus (Return, ECF No. 9, 1407-08). This defense is well taken. As Respondent notes, Hamm presented this claim to the First District Court of Appeals solely as an Ohio evidence law claim under Ohio R. Evid. 404(B) and Ohio Revised Code § 2945.59. This Court is bound by

7

the First District's determination of Ohio law. *Bradshaw v. Richey*, 546 U.S. 74 (2005). Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar concurring).

Hamm does not mention the United States Constitution in his First Ground for Relief, but a claim that admission of other bad acts evidence violated the Constitution would be unavailing. "There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003), noting that the Supreme Court refused to reach the issue in *Estelle v. McGuire*. 502 U.S. 62 (1991).

Hamm's Ground One should be dismissed on the merits.

**Ground Two: Improper Joinder**

In his Second Ground for Relief, Hamm asserts the Common Pleas Court abused its discretion in joining his two cases for trial. As with Ground One, this claim does not on its face state a claim under the Constitution and Hamm did not present this claim as a federal constitutional claim to the Ohio courts. Although it is not procedurally defaulted by Hamm's failure to timely

8

appeal to the Supreme Court of Ohio, it is defaulted by his failure to present it as a constitutional claim before coming to federal court.

In the Ohio courts, this was presented as a claim of abuse of discretion by the trial judge. However, an abuse of discretion by a state judge does not constituted a violation of due process. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

Even if the joinder here were improper, "Improper joinder does not, in itself, violate the Constitution." *United States v. Lane*, 474 U.S. 438, 446 n. 8 (1986). To obtain federal habeas relief on a misjoinder claim involving state law, a petitioner "must show that misjoinder of the counts 'result[ed] in prejudice so great as to deny a defendant his . . .right to a fair trial." *Davis v. Coyle*, 475 F.3d 761, 777 (6th Cir. 2007)(quoting *Lane*, 474 U.S. at 446 n.8). Hamm has made no such showing. As the First District found, the evidence as to the two cases was simple and direct. *State v. Hamm, supra,* at ¶ 24.

Hamm's Second Ground for Relief should be dismissed as without merit.

**Ground Three: Admission of Inadmissible Hearsay**

In his Third Ground for Relief, Hamm complains of the admission of the hearsay statement of Donnell Woods. Woods was the driver of a car which was stopped by police. When the stop occurred, Hamm jumped from the car, shot at the officers, and then ran. Officer Weigand testified that Woods said "I didn't know that motherfucker was going to shoot at you." The Fist District overruled an assignment of error claiming it was improper to allow this testimony from Weigand, finding that it was an admissible excited utterance and that there had been no contemporaneous objection.

9

Because there had been no contemporaneous objection, the First District reviewed this assignment only for plain error. Review for plain error is an enforcement of the contemporaneous objection rule, not a waiver of it. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle*, 271 F.3d 239 (6th Cir. 2001).

Furthermore, the Sixth Circuit has repeatedly held Ohio's contemporaneous objection rule — that parties must preserve errors for appeal by calling them to the attention of the trial court at a time when the error could have been avoided or corrected, set forth in *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998) — is an adequate and independent state ground of decision. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012), *citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied*, 562 U.S. 876 (2010).

Ground Three should be dismissed as procedurally defaulted for lack of a contemporaneous objection.

**Ground Four: Violation of the Confrontation Clause**

In his Fourth Ground for Relief, Hamm asserts admission of Woods' statement violated his rights under the Confrontation Clause.

The Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant has a prior opportunity for cross-examination…" *Crawford v. Washington,* 541 U.S. 36, 53-54 (2004). However, not all out-of-court statements constitute testimony. Here the First District rejected Hamm's claim that Woods' statement was testimonial by classifying it under the hearsay exception for excited utterances.

> {32}. The Sixth Amendment to the United States Constitution provides, in pertinent part, that "In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him." The Confrontation Clause bars the " 'admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had a prior opportunity for cross-examination.' " *State v. Lewis*, 1st Dist. Hamilton Nos. C-050989 and C-060010, 2007-Ohio-1485, ,i 29, quoting *Crawford v. Washington*, 541 U.S. 36, 53-54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). A "testimonial statement" is one that is "made 'under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.' " *Lewis* at 411 31, quoting *State v. Stahl,* 111 Ohio St.3d 186, 2006-Ohio-5482, 855 N.E.2d 834, paragraph one of the syllabus, quoting Crawford at 52. At a minimum, the term "testimonial" applies "to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations/ *Crawford* at 68. The *Crawford* court noted these practices bore."the closest kinship to the abuses at which the Confrontation Clause was directed." *Id*.
>
> {33} Here, Woods's "excited utterance" was not testimonial in nature. It was not in response to police questioning, nor was it offered during any type of formal proceeding or questioning. Rather, by definition, it was volunteered under circumstances where there was no time for the speaker to reflect and falsify his or her account

11

> of an event. Therefore, this was not the type of statement that implicates the Confrontation Clause. See *State v. Byrd*, 160 Ohio App.3d 538, 2005-Ohio-1902, 828 N.E.2d 133, ¶ 17 (2d Dist.), citing *State v. Williams*, 2d Dist. Montgomery No. 20368, 2005-Ohio-213, ¶20 (an excited utterance is generally nontestirnonial in nature).

*State v. Hamm, supra*.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

Here the First District applied the correct Supreme Court precedent, *Crawford, supra*. Its application was completely reasonable and within the parameters of other recognized hearsay exceptions which have been found to satisfy the *Crawford* test. It is therefore entitled to deference and the Fourth Ground for Relief should be dismissed as without merit. Furthermore, as noted with Ground Three, there was no contemporaneous objection and is also, therefore, procedurally defaulted.

**Grounds Five and Six: Ineffective Assistance of Trial Counsel**

In his Fifth and Sixth Grounds for Relief, Hamm argues he received ineffective assistance of trial counsel when his prior attorney, Mary Jill Donovan, simultaneously represented him and Christopher Hill, who gave the police information against him. Hamm raised this as his Fifth Assignment of Error on direct appeal and the First District rejected it because the conflict was not

12

proven from the record. It held:

> {35} In his fifth assignment of error, Hamm claims that he was denied the effective assistance of counsel. To prove ineffective assistance of counsel, a defendant has to demonstrate that counsel's performance was deficient and that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley,* 42 Ohio St.3d 136, 141-142, 538 L.E.2d 373 (1989). Prejudice results when there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland* at 694; *Bradley* at 142.
>
> {136} Hamm claims that he was denied the effective assistance of counsel because attorney M.J. Donovan, who had represented him prior to trial, had failed to immediately withdraw from representing both Hamm and Hill upon becoming aware that Hill wanted to provide the state with evidence against Hamm. Hamm also contends that Donovan was ineffective because she had assisted Hill in arranging a meeting with Detective Pitchford so that Hill could provide the state with evidence against Hamm.
>
> {137} Hamm's arguments are based in large part on unsworn representations of counsel made during a hearing on pretrial motions. To the extent that our record contains some evidence concerning Donovan's representation of Hamm, that evidence is inconclusive.
>
> {38} First, the record is inconclusive concerning Donovan's continuing representation of Hamm and Hill after she learned that Hill had wanted to provide evidence against Hamm. It appears that Donovan may have been representing both Hill and Hamm at the time that Hill had spoken to Pitchford. But the record does not conclusively indicate the exact date that Hill had spoken with Pitchford. Further, the record does not indicate whether Donovan immediately moved to withdraw from representing Hamm and Hill upon learning of her conflict, as Hamm contends that she should have. Instead, it reflects only that the trial court allowed her to withdraw on July 15, 2015, "for good cause shown." And our record does not reflect whether or when she moved to withdraw from representing Hill. Finally, Hamm does not expound on the reasons why Donovan was required to withdraw from representing Hill, and we do not address here whether Donovan was required to do so.
>
> {39} Second, we are unable to determine whether Donovan assisted Hill in providing information to Pitchford while she represented

13

> Hamm. Hill testified at trial that he had contacted Donovan and told her that he had information about Hamm. Hill further stated that, Donovan "stopped me from [sic] right there," and refused to speak to him about the matter. Hill did not know whether Donovan had contacted the prosecutor's office. And Detective Pitchford testified that "an attorney" had contacted him about Hill.
>
> {40} Overall, we do not have a reliable basis for determining what Donovan did or said. In sum, Hamm's challenge depends for its resolution upon evidence outside of the trial record. We therefore must overrule this assignment of error.

*State v. Hamm, supra*.

Essentially the First District held that Hamm had failed to satisfy his burden of proving that there was a prejudicial conflict of interest. To the extent that Hamm had a claim which could have been proved by evidence outside the trial record, he has procedurally defaulted that clakim by never filing a petition for post-conviction relief under Ohio Revised Code § 2953.21, which is the vehicle in Ohio law form presenting claims of ineffective assistance of trial counsel which depend on evidence outside the trial record. Hamm points to nothing in the trial record which would make the First District's determination of fact unreasonable and it applied the correct legal standard set out in *Strickland* and *Bradley*.

Therefore Hamm's Fifth and Sixth Grounds for Relief should be dismissed on the merits.

**Ground Seven: Actual Innocence**

In his Seventh Ground for Relief, Hamm claims he is actually innocent of the crimes charged in the indictment in Case B1505019.

As Respondent argues, this claim is procedurally defaulted because it was never presented to any Ohio court. Moreover, the Supreme Court has never recognized a so-called freestanding

claim of actual innocence, in contrast to a claim of actual innocence which can be used to excuse a procedural default. A claim of actual innocence alone is insufficient to warrant habeas relief. *Herrera v. Collins*, 506 U.S. 390 (1993). "A claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Hodgson v. Warren*, 622 F.3d 591, 601 (6th Cir. 2010).

Ground Seven should therefore be dismissed on the merits because it does not state a claim for relief under the United States Constitution and also as procedurally defaulted.

**Conclusion**

In accordance with gthe foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 14, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report

15

and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.